| | |
|---|---|
| DEANNA PUGLIESE,<br><br>    Plaintiff,<br><br>vs.<br><br>TEXAS ROADHOUSE, INC., a Foreign Profit Corporation,<br><br>    Defendant,<br>_____/ | IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, OCALA DIVISION<br><br>Case No.: 5:17-CV-392-OC-34PRL |

## DEFENDANT, TEXAS ROADHOUSE INC'S, NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, TEXAS ROADHOUSE, INC. (hereinafter "Texas"), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Ocala Division, an action pending in the Fifth Judicial Circuit in and for Lake County, Florida, captioned *DEQNNA PUGLIESE vs. TEXAS ROADHOUSE, INC.*, Case Number: 2017-CA-863. In support thereof, Texas would show:

1.  Plaintiff has commenced this action in the Circuit Court of Lake County, Florida. The Summons and Complaint were served on Texas on July 3, 2017. A copy of the Complaint, Verified Return of Service and the date-stamped Summons are attached as exhibit "A". Along with the Summons and Complaint, Plaintiff served upon Texas discovery requests consisting of Request for Admissions, Request for Production and Interrogatories, attached as exhibits "B," "C," and "D." Texas has responded to Plaintiff's Request for Admissions (exhibit "E"). Texas has not, as yet, responded to the Request for Production and Interrogatories since pursuant to Federal Rules of Procedure 26(d), discovery may not be sought until after the parties have met and

1

conferred pursuant to Federal Rule of Civil Procedure 26(f). Texas is in possession of Plaintiff's discovery and will deem such discovery served as of the date of the scheduling meeting to be held pursuant to Federal Rule of Civil Procedure 26(f). Texas will then timely respond to such discovery pursuant to the applicable Federal Rules of Civil Procedure. Texas responded on July 13, 2017 to the Complaint with an Answer and Defenses, exhibit "F." Additional filings in the state court are:

    A.    Texas' First Request for Admissions to Plaintiff dated July 13, 2017, exhibit "G."

    B.    Plaintiff's Response to Defendant's Request for Admissions dated August 14, 2017, exhibit "H."

    C.    Texas' Notice of Filing of Notice of Removal, exhibit "I."

    2.    This action is being removed to the United States District Court, pursuant to 29 USC §1332 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. In the Complaint, the Plaintiff is seeking monetary damages for personal injuries alleged to have been sustained as a result of a slip and fall incident which is alleged to have occurred on March 19, 2016 at the Texas Roadhouse Restaurant located at 745 North Highway 27/441, Lady Lake, Lake County Florida.[1] As a result of the alleged accident it is contended that the Plaintiff "sustained severe bodily injury." Exhibit "A" at ¶5. The Plaintiff further alleges that as a result of this incident she has: "suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant

---

[1] The name of the correct Defendant is Texas Roadhouse Holdings, LLC. d/b/a Texas Roadhouse, a foreign limited liability company, authorized to and doing business in the state of Florida which operated the location where this accident is alleged to have occurred.

scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions." Exhibit "A" at ¶8. It is further contended that: "These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future." Id.

3. 28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states. The pleadings and the additional materials exchanged thus far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

    A. The Complaint is silent as to the citizenship of the Plaintiff although it does allege that she is a resident of Summerfield, Marion County, Florida. However, in response to Texas' Request for Admission the Plaintiff has admitted that she is a citizen of the state of Florida. See exhibits "D" and "E" at ¶13. In any event there is nothing contained in the Complaint which suggests that the Plaintiff is a citizen of either Delaware or Kentucky which would result in a lack of diversity of citizenship.

    B. The Complaint alleges that Texas is: "a Foreign Profit Corporation licensed to do business and with a location in Lady Lake, Lake County, Florida." Exhibit "A" at ¶8. In fact, Texas Roadhouse, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky. As a result, Texas Roadhouse, Inc. is considered to be a citizen of the states

3

of Delaware and Kentucky. 28 USC § 1332(c) (1). A corporation's principal place of business is determined by looking at the "total activities" of the corporation. *Bel-Bel I'National Corp. vs. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998). However, as noted previously, the correct defendant is Texas Roadhouse Holdings, LLC. (hereinafter "Holdings"). Holdings is a limited liability company, authorized to and doing business in the state of Florida. Holdings has only one member, Texas Roadhouse, Inc. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (Holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011). Consistent with these authorities, Holdings is considered to be a citizen of Delaware and Kentucky. See also exhibits "D" and "E" at ¶¶14-28..

C. Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, that this is an action in which the Plaintiff is seeking monetary damages for personal injuries alleged to have been sustained as a result of a slip and fall incident which is alleged to have occurred on March 19, 2016 at the Texas Roadhouse Restaurant located at 745 North Highway 27/441, Lady Lake, Lake County Florida. As a result of the alleged accident it is contended

that the Plaintiff "sustained severe bodily injury." Exhibit "A" at ¶5. The Plaintiff further alleges that as a result of this incident she has: "suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of previous existing conditions." Exhibit "A" at ¶8. It is further contended that: "These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future." *Id.*

D. Additionally, in its Request for Admissions served on July 13, 2017, Texas, among other things, asked the Plaintiff to admit that "The matter in controversy in this litigation does exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest." The Plaintiff responded by admitting this request. See exhibits "D" and "E" at ¶2.

4. This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

5. This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A). Specifically, within thirty (30) days of the Texas' receipt on August 14, 2017 of the Plaintiff's Response to Defendant's Request

for Admissions dated August 14, 2017, exhibit "H," the first date on which Texas was able to determine that this cause was removable to this Court.

6. Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Broward County, Florida.

7. Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about August 24, 2017, the foregoing was filed with the Clerk of this Court. I also certify that the foregoing document is being served by electronic mail this day on counsel for the Plaintiff: Jason P. Herman, Esq., and Matthew H. Wolfe, Esq., Dan Newlin & Partners, 7335 W. Sand Lake Rd., Ste. 300, Orlando, FL 32819. (Jason.Herman@newlinlaw.com; Matthew.Wolfe@newlinlaw.com; Marlene.Zervos@newlinlaw.com; Evelyn.Manzueta@newlinlaw.com)

Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL 32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
srivas@awtspa.com
eservice@awtspa.com