35-2017-CA-000863-AXXX-XX

Filing # 56381663 E-Filed 05/12/2017 03:22:11 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

DEANNA PUGLIESE,                          CASE NO:  2017CA863

    Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Foreign Profit
Corporation,

    Defendant.

_____/



Recei
Kole
Certified Process Server
Server Initials
Served C ...: JUL 0 3 20 Time:

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Complaint in the above-styled cause upon the Defendant:

**TEXAS ROADHOUSE, INC.**
***c/o*: CORPORATION SERVICE COMPANY, AS REGISTERED AGENT**
**1201 HAYS STREET**
**TALLAHASSEE, FL 32301-2525**

    Each Defendant is hereby required to serve written defenses to said Complaint or Petition
on JASON P. HERMAN, ESQUIRE, Dan Newlin & Partners, 7335 W. SAND LAKE ROAD,
Ste. 300, Orlando, FL 32819; telephone: (407) 888-8000, within twenty (20) days after service
of this Summons upon you, exclusive of the day of service, and to file the original of said written
defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately
thereafter. If you fail to do so, a default will be entered against you for the relief demanded in
the Complaint or Petition.

Dated:  May 15, 2017

**Neil Kelly**
Clerk of the Circuit Court

By _____*Linda Benson*_____
As Deputy Clerk
PO Box 7800
Tavares, FL 32778



FILED: LAKE COUNTY, NEIL KELLY, CLERK, 05/15/2017 04:42:07 PM

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **LAKE COUNTY COURTHOUSE, 550 West Main Street, Post Office Box 7800, Tavares, Florida, 32778, (352) 253-1604,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**DAN NEWLIN & PARTNERS**
**7335 W. SAND LAKE ROAD, SUITE 300**
**ORLANDO, FLORIDA 32819**

Filing # 56519472 E-Filed 05/16/2017 04:37:31 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

DEANNA PUGLIESE,                                 CASE NO:

       Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Foreign Profit
Corporation,

       Defendant.

_____/

<u>**PLAINTIFF'S REQUEST FOR ADMISSIONS TO**</u>
<u>**DEFENDANT, TEXAS ROADHOUSE, INC.**</u>

      COMES NOW the Plaintiff, DEANNA PUGLIESE, by and through the undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370 hereby requests that Defendant, TEXAS ROADHOUSE, INC., admit or deny the following within forty-five (45) days from the date of service:

1.    Please admit that on or about March 19, 2016, Plaintiff was lawfully upon your premises located at 745 N. Hwy. 27/441, Lady Lake, FL 32159, Lady Lake, Lake County, Florida.

2.    Please admit that Plaintiff sustained injuries on Defendant's premises located at 745 N. Hwy. 27/441, Lady Lake, FL 32159, Lady Lake, Lake County, Florida.

3.    Please admit that Plaintiff sustained permanent injuries on Defendant's premises on March 19, 2016, within a reasonable degree of medical probability resulting from the subject accident.

4.    Please admit that the Plaintiff was not guilty of any comparative negligence in the subject accident.

5.    Please admit that Plaintiff incurred medical expenses for treatment of injuries resulting from the subject accident.

6.    Please admit that Plaintiff's medical expenses were reasonable and necessary for the care and treatment of the injuries sustained in the subject accident.

7.    Please admit that Defendant's agents, representative or employees were negligent in the maintenance, operation and/or repair of its property, which negligence resulted in injuries to the Plaintiff.

8.    Please admit that Plaintiff fell on Defendant's premises as a result of a transitory substance on the Defendant's premises on or about March 19, 2016.



EXHIBIT
B

9.    Please admit that Defendant was on notice of the condition that caused Plaintiff to fall on Defendant's premises on March 19, 2016.

10.   Please admit that the transitory substance on Defendant's premises that resulted in Plaintiff falling to the floor constituted an unreasonably dangerous condition.

11.   Please admit that Defendant negligently failed to warn or adequately warn the Plaintiff that the subject transitory substance was on the floor, which it knew or through the exercise of reasonable care should have known and that Plaintiff was unaware of same.

12.   Please admit that Defendant negligently failed to inspect or adequately inspect the subject floors at or near where Plaintiff fell to ensure the same were reasonably safe for Defendant's invitees.

I HEREBY CERTIFY THAT a copy of the foregoing has been served upon the above-named Defendant along with the Summons and Complaint.

/s/ Jason P. Herman
Jason P. Herman, Esquire
Florida Bar No.: 149357
Matthew H. Wolfe, Esquire
Florida Bar No.: 121737
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (407)203-6580
Attorneys for Plaintiff
Jason.Herman@newlinlaw.com
Matthew.Wolfe@newlinlaw.com
Marlene.Zervos@newlinlaw.com
Evelyn.Manzueta@newlinlaw.com

Filing # 56519472 E-Filed 05/16/2017 04:37:31 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

DEANNA PUGLIESE,                                CASE NO:

     Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Foreign Profit
Corporation,

     Defendant.

_____/

### PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, TEXAS ROADHOUSE, INC.

     COMES NOW the Plaintiff, DEANNA PUGLIESE, by and through the undersigned counsel and hereby requests that Defendant, TEXAS ROADHOUSE, INC., a Foreign Profit Corporation, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at 7335 W. Sand Lake Road, Suite 300, Orlando, Florida 32819 within forty-five (45) days after service of this Request for Production.

### I. Definitions
A. As used throughout this Request to Produce, the following terms are defined as follows:

     B. "Document" is used in the broad sense and means any tangible object or thing that contains, conveys, or records information. Production is required of the original, or any copy if the original is not available, of any book, record, minutes of meetings, reports and/or summaries of interviews, reports and/or summaries of investigations; opinions or reports of consultants; opinions of counsel; communications of any nature, including internal company communications, memoranda, telegrams, telexes, letters, notes of telephone conferences, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts and revisions of drafts of documents, any written, printed, typed or other graphic matter of any kind or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

     C. "Document" also includes copies containing information in addition to that contained on the original (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.



EXHIBIT
C

D. If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

E. "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

F. "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

G. "Statement" means (1) any written statement made any a person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

H. As may be used in these Request "and" is conjunctive (meaning, e.g., A and B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

I. As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design,
logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1. Description sufficient to identify.
2. The date(s).

3. The subject matter(s).
4. The sender(s) or author(s).
5. The recipient(s).
6. The persons to whom copies were furnished, together with their job titles.
7. The present depository or person having custody of the document.
8. The nature and basis of privilege or immunity claimed.
9. The paragraph(s) of this request to which each such document or statement relates or corresponds.

### III. Grouping or Numbering of Items Produced.

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

### IV. Place, time, and manner of response.

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce, and shall be made at the offices of Dan Newlin & Partners, 7335 W. Sand Lake Road, Suite 300, Orlando, FL 32819, or at such other place as the parties may agree.

Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. All statements made by any witnesses to the subject accident at the subject place of incident located at 745 N. Hwy. 27/441, Lady Lake, FL 32159

2. All statements made by the Plaintiff pertaining to or concerning the subject matter.

3. All photographs of the area involved in the subject accident.

4. A copy of any and all insurance agreements, insurance policies or agreements of any kind of nature under which any person or company carrying on an insurance business may be liable to satisfy part of all of a judgment that may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

5. A copy of any incident/accident report or other documents done in the ordinary course of business containing information about the incident alleged in the Complaint, completed by you, or your agents, representatives, or employees surrounding the subject accident.

6. Any and all inspection or check-off sheets or other documents showing who performed inspections, what kind of inspections were performed, the times of the inspections or other information about the inspections that might have been done

on the date of the subject accident, as well as the five (5) days before that date in the area where the Plaintiff fell.

7.  Any and all documents relating to any inspections that may have been done on the date of the subject accident, the five (5) days before that date and the five (5) days after that date at the Defendant's premises.

8.  Time sheets, clock cards or any other documents showing the hours and time worked by any employees working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

9.  The form (blank) of the inspection sheets and/or and other documents for inspections that were used on the date of the subject accident, or that are now used by employees at Defendant's premises, for inspections.

10.  A true and correct copy of any contracts or agreement with any entity used by Defendant with any responsibilities for inspecting your premises for dangerous conditions or for training your employees about such.

11.  A true and correct copy of any and all written inspection, maintenance procedures or policies in place on the date of the subject accident, at Defendant's premises.

12.  A true and correct copy of any and all safety manuals or videos, inspection manuals or videos or training manuals or videos that any employee who was working on the date of the subject accident, with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises may have received from Defendant.

13.  A true and correct copy of your written procedure for inspection of the grounds, sidewalks, pathways, common walkways, and landscaping that was in existence on the date of the subject accident.

14.  A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions, of all employees working for the Defendant with responsibilities for inspecting the premises for dangerous conditions, cleaning up dangerous conditions or maintaining the premises.

15.  A true and correct copy of any document or list with the names, addresses, telephone numbers, dates of birth, social security numbers, duties, responsibilities, and job descriptions of all employees on duty at the subject location on the date of the subject accident.

16.  A true and correct copy of any and all documents provided to the employees of the Defendant who were on duty on the date of the subject accident, explaining maintenance, cleaning, inspection, and safety precautions at Defendant's premises.

17.   A true and correct copy of any and all written complaints or documents showing claims or complaints made as to employees and/or customers falling or slipping on substances on Defendant's premises within the last five (5) years in a manner substantially similar to that alleged in the Complaint.

18.   A true and correct copy of any and all photographs taken of the accident scene.

19.   Any and all internal surveillance camera imaging, video, digital or otherwise, that captured the subject accident as described in the Complaint. *See* <u>Target Corp. v. Vogel</u>, 41 So.3d 962 (Fla. 4th DCA 2010).

20.   Any and all documents relating to any inspections of the area in which Plaintiff fell that may have been completed within 60 days prior to the date of the subject accident.

21.   Any and all documents relating to any inspections of the area in which Plaintiff fell that may have been completed on the day of the accident or thirty days after the date of the subject accident.


        I HEREBY CERTIFY that a copy hereof has been furnished the Defendant along with

the Summons and Complaint.


                              /s/ Jason P. Herman
                              Jason P. Herman, Esquire
                              Florida Bar No.: 149357
                              Matthew H. Wolfe, Esquire
                              Florida Bar No.: 121737
                              Dan Newlin & Partners
                              7335 W. Sand Lake Road, Suite 300
                              Orlando, FL 32819
                              Direct: (407)203-6580
                              Fax: (407)203-6580
                              Attorneys for Plaintiff
                              Jason.Herman@newlinlaw.com
                              Matthew.Wolfe@newlinlaw.com
                              Marlene.Zervos@newlinlaw.com
                              Evelyn.Manzueta@newlinlaw.com

Filing # 56519472 E-Filed 05/16/2017 04:37:31 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR LAKE COUNTY, FLORIDA

DEANNA PUGLIESE,                          CASE NO:

     Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Foreign Profit
Corporation,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF INTERROGATORIES TO DEFENDANT, TEXAS ROADHOUSE, INC.

The Plaintiff, DEANNA PUGLIESE, by and through her undersigned attorneys, propounds upon Defendant, TEXAS ROADHOUSE, INC., Interrogatories numbered 1 through 25 to be answered under oath in writing, within forty five (45) days from the date of service hereof in accordance with the Rule 1.340, Florida Rules of Civil Procedure.

I HEREBY CERTIFY THAT a copy of the foregoing has been served upon the above-named Defendant the same date of service as that of the Summons and Complaint.

/s/ Jason P. Herman
Jason P. Herman, Esquire
Florida Bar No.: 149357
Matthew H. Wolfe, Esquire
Florida Bar No.: 121737
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Direct: (407)203-6580
Fax: (407)203-6580
Attorneys for Plaintiff
Jason.Herman@newlinlaw.com
Matthew.Wolfe@newlinlaw.com
Marlene.Zervos@newlinlaw.com
Evelyn.Manzueta@newlinlaw.com

EXHIBIT
0

### INTERROGATORIES TO DEFENDANT, TEXAS ROADHOUSE, INC.

**PLEASE INSERT YOUR ANSWERS IN THE SPACE PROVIDED BELOW EACH INTERROGATORY. SHOULD ADDITIONAL SPACE BE NEEDED, PLEASE ATTACH AN EXTRA SHEET. "YOU" AND "YOUR" REFER TO THE DEFENDANT TO WHOM THESE INTERROGATORIES ARE DIRECTED. DEFENDANT INCLUDES ALL AGENTS, SERVANTS, OR EMPLOYEES OF THE DEFENDANT.**

1. State the full name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

2. Is the name of the Defendant correctly stated in the Complaint? If not, please state the correct name and if applicable all name changes from the date of the alleged incident to the present.

3. State the correct corporate name for the owners and operators of TEXAS ROADHOUSE, INC. on the date of the incident alleged in the Complaint.

4. Are the date, time and place of the alleged incident correctly stated in the Complaint? If not, please state the date, time and place of this alleged incident believed or known by you, your agents or attorneys to be correct.

5. Please state whether any incident report was prepared by your employees in response to the incident giving rise to this action, and if there was one, please list the name, address and occupation of the current custodian of said incident report.

6. Please list the name, last known address and employer of each and every employee employed by and working at said location on the date of the incident as alleged in the Complaint.

7. State the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of your, your attorneys, agents, insurance carrier, etc.

8. State full name, address, occupation and employer of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint in this action.

9. State the full name, address, occupation and employer of all persons contacted by any investigators retained by the Defendant in their investigation of this incident.

10. State the name, address, employer and telephone numbers of any and all persons known to you or to anyone acting on your behalf, who heard or saw or claims to have heard or seen any of the events or happenings that occurred immediately before, at the time of, or immediately after this incident.

11. Have you, your agents, investigators, attorneys or anyone acting on your behalf, obtained any kind of written, recorded, or other type of statement from the Plaintiff or any persons described in your previous Interrogatory answers? If so, please identify each statement by date, identity of person giving statement and name of current custodian of each statement.

12. Based on your knowledge at this time, describe in detail how the alleged incident happened, including all actions taken by the Defendant to prevent the incident.

13. State the frequency and dates of inspections of the area where this incident occurred for the 30-day period prior to the incident and the 24-hour period after this incident, which is the subject matter of this litigation. State the name, address and job title of the person who made the last inspection prior to the incident.

14. Did any person inspect the area where the Plaintiff was allegedly injured within 24 hours prior to the alleged incident? If so, please state the name and address of each person performing said inspection, the times or frequencies of said inspection(s), and whether or not said inspection(s) revealed any defect or condition to be present.

15. Did any person inspect the area where the Plaintiff was allegedly injured within 24 hours after the alleged incident? If so, please state the name and address of each person inspecting said area, the time and date of each inspection, and the employment capacity of each person, if any.

16. State whether you have within your possession or control photographs, plats or diagrams of the incident scene or objects connected with said incident. Describe any and all such items.

17. State who was responsible for the design and construction of that portion of the premises where Plaintiff was injured as alleged in the Complaint.

18. Please state whether or not you have experienced any other similar incidents on the premises involved in this action within three years prior to or six months following the date of incident.

19. If your answer to questions 18 is yes, please list the name, address and occupation and telephone number for each and every individual involved in said incidents and describe the status of the individual (i.e., person falling, eye witnesses, etc.)

20. Please state the name, address and telephone number for those individuals responsible for maintaining the premises involved in this action on the date of the incident in question.

21. Please give the name, address, and occupation of the person with your company who would have the most details concerning the maintenance and cleaning procedures utilized by your company on the premises involved in this action on the date of the incident in question.

22. Give a concise statement of the facts as to how you contend the Plaintiff's incident took place.

23. If you contend that Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely.

24. Does the Defendant or its attorneys intend to call any non-medical expert witnesses at the trial of this case? If so, please state the name and address of each witness, their qualifications as an expert, the subject matter upon which they are expected to testify, and the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion.

25. State whether there is liability insurance covering the Defendant for this incident. If yes, identify the insurance carrier, policy number and applicable limits of liability.

## **SIGNATURE PAGE**

STATE OF _____

COUNTY OF _____

Before me the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being duly sworn, deposes and says: That the answers to the above and foregoing Interrogatories are true and correct to the best of _____ knowledge and belief.

_____
Signature of Representative or Agent of
Defendant, TEXAS ROADHOUSE, INC.

SWORN TO AND SUBSCRIBED before me this _____day of _____, 2017.

_____
Notary Public (signature)

_____
Notary Public (type, print stamp commission)

My Commission Expires: _____

☐ Personally Known OR

☐ Produced Identification

☐ Type of Identification Produced

Filing # 58986999 E-Filed 07/13/2017 03:31:24 PM

IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT IN AND
FOR LAKE COUNTY FLORIDA

DEANNA PUGLIESE,

      Plaintiff,

                               Case No.: 2017 CA 863

vs.

TEXAS ROADHOUSE, INC.,

      Defendant,

_____/

### RESPONSE OF DEFENDANT, TEXAS ROADHOUSE, INC., TO PLAINTIFF'S REQUESTS FOR ADMISSION

      Defendant, TEXAS ROADHOUSE, INC., incorrectly named as a defendant in this matter,[1] (hereinafter referred to as "Defendant"), via special appearance, by and through its undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, without waiving jurisdiction or any jurisdictional defenses, including but not limited to lack of jurisdiction over the person; lack of jurisdiction over the subject matter; insufficiency of service of process; insufficiency of process, and failure to state a cause of action; as well as all defenses, both mandatory and discretionary provided for under Florida law, pursuant to the applicable Florida Rules of Civil Procedure, responds to the Plaintiff's Request for Admissions served upon it along with the Summons and Complaint in this cause.  In answer thereto, Defendant states:

      1.      Request numbers 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11 and 12 are denied.

      2.      Defendant denies each and every request for admission not specifically admitted above.

---

[1] The correct name for the Defendant is Texas Roadhouse Holdings, LLC. d/b/a Texas Roadhouse, a foreign limited liability company, authorized to and doing business in the state of Florida.

1



## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Courts by using the eFiling Portal, and that a copy was served via Electronic Mail on the 13th day of July, 2017 to **Jason P. Herman, Esq.**, and **Matthew H. Wolfe, Esq.**, Dan Newlin & Partners, 7335 W. Sand Lake Rd., Ste. 300, Orlando, FL 32819. (Jason.Herman@newlinlaw.com;Matthew.Wolfe@newlinlaw.com;Marlene.Zervos@newlinlaw.com; Evelyn.Manzueta@newlinlaw.com;)

/s/ *Brian D. Stokes*

Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL  32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
srivas@awtspa.com
eservice@awtspa.com

Filing # 58986999 E-Filed 07/13/2017 03:31:24 PM

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT IN AND FOR LAKE
COUNTY, FLORIDA

DEANNA PUGLIESE,

      Plaintiff,               Case No.: 2017 CA 863

vs.

TEXAS ROADHOUSE, INC., a Foreign
Profit Corporation,

      Defendant.

_____/

### DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

Defendant, TEXAS ROADHOUSE, INC., incorrectly named as a defendant in this matter,[1] (hereinafter referred to as "Defendant"), via special appearance, by and through its undersigned counsel, pursuant to the applicable Florida Rules of Civil Procedure, without waiving jurisdiction or any jurisdictional defenses, including but not limited to lack of jurisdiction over the person; lack of jurisdiction over the subject matter; insufficiency of service of process; insufficiency of process, and failure to state a cause of action; as well as all defenses, both mandatory and discretionary provided for under Florida law, pursuant to the applicable Florida Rules of Civil Procedure, requests the Plaintiff, DEANNA PUGLIESE, to admit that each of the following statements is true:

1.     The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

2.     The matter in controversy in this litigation does exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

3.     Plaintiff contends that her damages exceed the sum or value of Seventy-

---

[1] The correct name for the Defendant is Texas Roadhouse Holdings, LLC. d/b/a Texas Roadhouse, a foreign limited liability company, authorized to and doing business in the state of Florida.



Five Thousand Dollars ($75,000.00) exclusive of costs and interest this action.

4.     Plaintiff does not contend that her damages exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest this action

5.     Plaintiff contends that her damages exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest this action; however, Plaintiff will not, under any circumstances, seek damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

6.     In this action, Plaintiff will not, under any circumstances, seek damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

7.     In this action, Plaintiff will not, under any circumstances, accept damages in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest.

8.     In this action, Plaintiff will not, under any circumstances, be entitled to the entry of a judgment in excess of Seventy-Five Thousand Dollars ($75,000.00) in any court exclusive of costs and interest.

9.     Plaintiff has not executed a binding stipulation that she will not, under any circumstances, accept more than Seventy-Five Thousand Dollars ($75,000.00) in damages exclusive of costs and interest.

10.     Plaintiff will execute a binding stipulation that she will not, under any circumstances, accept more than Seventy-Five Thousand Dollars ($75,000.00) in damages exclusive of costs and interest.

11.     Plaintiff has not executed a binding stipulation that she will not, under any circumstances, be entitled to the entry of a Judgment in excess Seventy-Five Thousand

2

Dollars ($75,000.00) in damages exclusive of costs and interest.

12.　Plaintiff will execute a binding stipulation that she will not, under any circumstances, be entitled to the entry of a Judgment in excess Seventy-Five Thousand Dollars ($75,000.00) in damages exclusive of costs and interest.

13.　Plaintiff is citizen of the State of Florida.

14.　Texas Roadhouse, Inc. is not a citizen of the State of Florida.

15.　Texas Roadhouse Holdings, LLC is not a citizen of the State of Florida.

16.　Texas Roadhouse, Inc. is a company organized under the laws of the state of Delaware.

17.　Texas Roadhouse, Inc.'s corporate headquarters is located in the state of Kentucky.

18.　Texas Roadhouse Holdings, LLC's corporate headquarters is located in the state of Kentucky.

19.　Texas Roadhouse, Inc.'s principal place of business is the state of Kentucky.

20.　Texas Roadhouse Holdings, LLC's principal place of business is the state of Kentucky.

21.　Texas Roadhouse, Inc. is a citizen of the state of Delaware.

22.　Texas Roadhouse, Inc. is a citizen of the state of Kentucky.

23.　Texas Roadhouse, Inc. is not incorporated in the state of Florida.

24.　Texas Roadhouse Holdings, LLC is a citizen of the state of Delaware.

25.　Texas Roadhouse Holdings, LLC is a citizen of the state of Kentucky.

26.　Texas Roadhouse Holdings, LLC is not incorporated in the state of Florida

3

27.     Texas Roadhouse, Inc. does not have its principal place of business within the state of Florida.

28.     Texas Roadhouse Holdings, LLC does not have its principal place of business within the state of Florida.

29.     Prior to suit being filed, Plaintiff made a demand to settle the claims which are the subject of this lawsuit for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

30.     The presuit demand represents Plaintiff counsel's reasonable assessment of the value of the Plaintiff's claim.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Courts by using the eFiling Portal, and that a copy was served via Electronic Mail on the ___13th__ day of July, 2017 to **Jason P. Herman, Esq.**, and **Matthew H. Wolfe, Esq.**, Dan Newlin & Partners, 7335 W. Sand Lake Rd., Ste. 300, Orlando, FL 32819. (Jason.Herman@newlinlaw.com;Matthew.Wolfe@newlinlaw.com;Marlene.Zervos@newlinlaw.com; Evelyn.Manzueta@newlinlaw.com;)

/s/ *Brian D. Stokes*
Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL 32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
srivas@awtspa.com
eservice@awtspa.com

4

Filing # 60385897 E-Filed 08/14/2017 05:37:29 PM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR LAKE COUNTY, FLORIDA

DEANNA PUGLIESE,                              CASE NO:  2017 CA 863

      Plaintiff,

v.

TEXAS ROADHOUSE, INC., a Foreign Profit
Corporation,

      Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

COMES NOW Plaintiff, DEANNA PUGLIESE, by and through the undersigned attorney,

and in accordance with Florida Rule of Civil Procedure 1.370, files this response to Request for

Admissions filed herein by Defendant, TEXAS ROADHOUSE, INC., as follows:

1.     Deny.

2.     Admit.

3.     Admit.

4.     Deny.

5.     Deny.

6.     Deny.

7.     Deny.

8.     Deny.

9.     Admit.

10.    Deny.

11.    Admit.

12.    Deny.

13.    Admit.

14.    Admit.


EXHIBIT
H

15.     Admit.

16.     Admit.

17.     Admit.

18.     Admit.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     Admit.

25.     Admit.

26.     Admit.

27.     Admit.

28.     Admit.

29.     Admit.

30.     Admit.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of August, 2017, I electronically filed the foregoing with the Clerk of Courts using the Florida Courts E-Filing Portal system which will send a notice of electronic filing to: **Brian D. Stokes, Esq.,** Alvarez, Winthrop, Thompson & Storey, P.A., P.O. Box 3511, Orlando, FL 32802; bdstokes@awtspa.com; srivas@awtspa.com; eservice@awtspa.com.

/s/ Jason P. Herman
_____
Jason P. Herman, Esquire
Florida Bar No.: 149357
Matthew H. Wolfe, Esquire
Florida Bar No.: 121737

Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
Phone/Fax: (407) 203-6580
Attorneys for Plaintiff
Jason.Herman@newlinlaw.com
Matthew.Wolfe@newlinlaw.com
Marlene.Zervos@newlinlaw.com
Evelyn.Manzueta@newlinlaw.com

DEANNA PUGLIESE,

     Plaintiff,

vs.

TEXAS ROADHOUSE, INC., a Foreign
Profit Corporation,

     Defendant,

_____/

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT IN AND FOR LAKE
COUNTY, FLORIDA

Case No.: 2017 CA 863

## NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant, TEXAS ROADHOUSE, INC.[1], by and through its undersigned attorneys, hereby gives notice that the attached Notice of Removal[2] was filed with the Clerk of the United States District Court for the Middle District of Florida, Ocala Division on or about August 25, 2017 and a copy provided to counsel for the Plaintiff as referenced in the certificate of service below.

[Certificate of Service follows on next page.]

---

[1] The name of the correct Defendant is Texas Roadhouse Holdings, LLC. d/b/a Texas Roadhouse, a foreign limited liability company, authorized to and doing business in the state of Florida which operated the location where this accident is alleged to have occurred.
[2] The exhibits attached to the Notice of Removal filed with the United States District Court for the Middle District of Florida, Ocala Division have been omitted from the attached copy.

1


EXHIBIT
I

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Courts by using the eFiling Portal, and that a copy was served via Electronic Mail on the 25th day of August, 2017 to Jason P. Herman, Esq., and Matthew H. Wolfe, Esq., Dan Newlin & Partners, 7335 W. Sand Lake Rd., Ste. 300, Orlando, FL 32819. (Jason.Herman@newlinlaw.com;Matthew.Wolfe@newlinlaw.com;Marlene.Zervos@newlinlaw.com; Evelyn.Manzueta@newlinlaw.com;)

Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL  32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
srivas@awtspa.com
eservice@awtspa.com