UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**DEANNA PUGLIESE,**

    **Plaintiff,**

v.                                                                                                  **Case No: 5:17-cv-392-Oc-PRL**

**TEXAS ROADHOUSE, INC.**

    **Defendant.**

_____

## ORDER

In this action, Plaintiff brings claims for personal injury as a result of an alleged slip and fall accident at Defendant's Texas Roadhouse restaurant. This matter is currently before the Court on Plaintiff's Motion to Remand (Doc. 4), to which Defendant has responded (Doc. 8). For the reasons explained below, including that there appears to be no dispute that the amount in controversy in this case exceeds $75,000, Plaintiff's motion is due to be denied.

    **I.**    **Background**

Plaintiff initiated this action in May 2017 by filing suit against Defendant in state court. (Doc. 2). In the Complaint, Plaintiff alleges that on March 19, 2016, while patronizing a Texas Roadhouse restaurant located in Lady Lake, Florida, she slipped on a substance on the floor and was seriously injured. (Doc. 2 at ¶¶ 4-5). Plaintiff asserts a claim for damages in light of the injuries she sustained as a result of her fall. (Doc. 2 at ¶ 8). Defendant served its First Request for Admissions to Plaintiff on July 13, 2017 (Doc. 8-2). In the Request, Defendant asked Plaintiff to admit that the matter in controversy does not exceed $75,000, that the matter in controversy does exceed $75,000, that Plaintiff will stipulate to a cap on damages not to exceed $75,000, that Plaintiff will not stipulate to a cap on damages not to exceed $75,000, and that Plaintiff will refuse

to accept an award of damages exceeding $75,000. (Doc. 8-2.) Plaintiff's Response to Defendant's Request for Admissions (Doc. 8-3) was served on August 25, 2017. Plaintiff refused to stipulate to a limitation on potential damages, denied that her damages do not exceed $75,000, and admitted that her damages do exceed $75,000, and provided other unequivocal responses consistent with the value of her claim being in excess of $75,000. (Doc. 8-3 at ¶¶ 1-12). On August 25, 2017, after receiving Plaintiff's Admission Responses, Defendant filed its Notice of Removal, citing Plaintiff's admissions regarding the amount in controversy and residency of the parties as grounds for this Court to preside over the case through diversity jurisdiction. Plaintiff now moves to remand this action to state court, contending that Defendant has not proven that the amount in controversy satisfies the $75,000 jurisdictional threshold required under 28 U.S.C. § 1332. Notably, in her motion to remand, Plaintiff does not actually take the position that the amount in controversy is less than $75,000. (Doc. 4). Defendant opposes remand. (Doc. 8).

**II.    Applicable Law**

"If a state-court complaint states a case that satisfies federal jurisdictional requirements, a defendant may remove the action to federal court pursuant to 28 U.S.C. § 1446(b)." *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1060 (11th Cir. 2010). The removing party bears the burden of demonstrating that federal jurisdiction exists. *Kirkland v. Midland Mtg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). Here, where Defendant relies on diversity jurisdiction under § 1332(a) as the basis for removal, this burden requires Defendant to show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In this case, Plaintiff does not dispute that the parties are of diverse citizenship. Therefore, the question before the Court is whether the amount in controversy requirement has been satisfied. *See Williams*, 269 F.3d at 1319.

"Where the plaintiff has not plead[ed] a specific amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland*, 243 F.3d at 1281 n.5. "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061. However, in other cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Id.*

Defendants may rely on more than the face of the Complaint when determining whether the amount in controversy exceeds $75,000, including a "motion, order, or other paper." 28 U.S.C. § 1446. Responses to Requests for Admissions qualify as an "other paper" for purposes of establishing the requisite amount in controversy. *Wilson v. General Motors, Corp.*, 88 F.2d 779, 782 (11th Cir. 1989). However, a "merely conclusory" response to a request for admission, standing alone, cannot constitute the basis for removal on diversity jurisdiction, as it lacks factual support for the contention. *Lowery v. Alabama Power, Co.*, 483 F.3d 1184, 1217-18 (11th Cir. 2007); *Parrish v. Sears Roebuck & Co.,* 2010 WL 3042230 at *1 (M.D. Fla. July 30, 2010). Absent factual evidence for establishing whether the requisite amount in controversy has been met, subject matter jurisdiction cannot be conferred on this Court. *See Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001); 14 AA Wright & Miller, *Federal Practice and Procedure*, § 3702 (4th Ed. 2015).

While a court may not speculate or guess as to the amount in controversy, district courts are permitted to make reasonable deductions and inferences from the pleadings to determine if a case is removable. *See Roe*, 613 F.3d at 1061-62. Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062. However, in considering the propriety of a removal,

federal courts consistently caution that removal statutes must be strictly construed, and all doubts resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) ("Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.") (internal citations omitted). Nonetheless, when it is clear that the jurisdictional minimum is likely met, a district court should acknowledge the value of the claim, even if it is unspecified by the plaintiff. *See Roe*, 613 F.3d at 1064. To do otherwise would abdicate the court's statutory right to hear the case, and reward a plaintiff for "employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant." *See id.*

**III.    Analysis**

In Plaintiff's motion, she simply argues that "Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00." (Doc. 4, p. 1). Meanwhile, Defendant argues that the amount in controversy is satisfied based on Plaintiff's admission that her damages exceed $75,000 (Doc. 8-3, ¶ 3), her denial that damages do not exceed $75,000 (Doc. 8-3, ¶ 4), her refusal to stipulate to a cap on recovery for damages. (Doc. 8-3, ¶¶ 9-11), and numerous other responses to requests for admission that are consistent with the amount in controversy being more than $75,000. (Doc. 8-3).

And, as further evidence that the amount in controversy exceeds $75,000, Defendant also proffers Plaintiff's admissions that, prior to suit being filed, she made a demand to settle her claims for an amount in excess of $75,000, and that the pre-suit demand "represents Plaintiff's counsel's reasonable assessment of the value of Plaintiff's claim." (Docs. 8-2, ¶¶ 29,30 & 8-3, ¶¶ 29,30).

The Eleventh Circuit stated in *Williams v. Best Buy, Co*., that a plaintiff's failure to stipulate to a cap on damages is insufficient to satisfy the amount in controversy. 269 F.3d 1316, 1319-20 (11th Cir. 2001). And courts within the Middle District of Florida have taken the same position when determining whether remand is appropriate, holding that responses to requests for admissions can be conclusory and lack factual support. *See, e.g., Bienvenue v. Wal-Mart Stores, East, LP*, No. 8:13–cv–1331–T–33TGW, 2013 WL 5912096, at *4 (M.D. Fla. June 19, 2013).

In this case, however, Defendant relies not on a single request for admission, but upon numerous requests for admission – including Plaintiff's admissions regarding two significant facts: (1) that Plaintiff made a pre-suit demand for an amount in excess of $75,000; and (2) that the pre-suit demand represented Plaintiff's counsel's "reasonable assessment of the value of Plaintiff's claim." (Doc. 8-2, p. 4 & 8-3, p. 2).

Courts are in agreement that evidence of a plaintiff's affirmative admission that the amount in controversy exceeds the jurisdictional requirement, together with other additional evidence, is sufficient to defeat a motion to remand. *See Allen v. Toyota Motor Sales, U.S.A.*, 155 F. App'x 480 (11th Cir. 2005) (holding that a specified amount, plus evidence of other damages, was sufficient to satisfy the jurisdictional requirement); *Lambertson v. Go Fit, L.L.C.*, 918 F. Supp. 2d 1283 (S.D. Fla. Jan. 14, 2013) (action was properly removed based upon responses to requests for admission, together with pre-suit demand letter confirming that plaintiff sought more than $75,000).

As an initial matter, Defendant correctly asserts that this court could make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010). But such deductions and inferences are not necessary in this case, where there is no factual dispute that the amount in controversy exceeds $75,000.

Plaintiff admitted not only that the amount in controversy exceeds $75,000 (Docs. 8-2, ¶ 2 & 8-3, ¶ 20), but also that she made a pre-suit demand for an amount in excess of $75,000 (Docs. 8-2, ¶ 29 & 8-3 ¶ 29), and that the demand represented her counsel's reasonable assessment of the value of her claim (Docs. 8-2, ¶ 30 & 8-3, ¶ 30). Notably, Plaintiff does not actually dispute that the amount in controversy exceeds $75,000; rather, her motion is premised on her assertion that Defendant has not met its burden of establishing the jurisdictional requirement by a preponderance of evidence. And, Plaintiff has not sought to amend her responses to her requests for admission, nor did she object or equivocate when answering the requests about the amount of damages sought. Nor did Plaintiff submit affidavits admitting the claim was less than the jurisdictional amount. *See Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1415 (M.D. AL 1986).

To be sure, pre-suit settlement offers may not be determinative, in and of themselves, of the amount in controversy when they merely reflect puffing and posturing by a party. *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F.Supp.2d 1279, 1281 n. 1 (S.D.Ala.2009). Courts have held, however, that pre-suit demand letters, coupled with a plaintiff's refusal to stipulate to alleged damages or to deny the information contained in the pre-suit demand, demonstrate that the amount in controversy in a case exceeds the jurisdictional limit. *Devore v. Howmedica Osteonics Corp.*, 658 F.Supp.2d 1372, 1380–81 (M.D.Fla.2009) (Corrigan, D.J.); *Katz v. J.C. Penney Corp., Inc.*, No. 09–CV–60067, 2009 WL 1532129, *6–*7 (S.D.Fla.2009); *Morock v. Chautauqua Airlines, Inc.*, No. 8:07–CV–00210–T17MAP, 2007 WL 1725232, *2–*3 (M.D.Fla.2007).

Based upon the record before this Court, there is no dispute that the amount in controversy exceeds $75,000. Plaintiff did not refuse to answer or equivocate in her answers to requests for admissions. Plaintiff's admission that the amount in controversy exceeds $75,000, together with her admissions regarding the pre-suit demand, are sufficient to establish the jurisdictional

requirements in this case. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-CV-615-J-32JRK, 2010 WL 6790539, at *3 (M.D. Fla. Nov. 5, 2010) (demand letter plus refusal to respond to request for admission regarding amount in controversy established jurisdictional requirement),

The undersigned acknowledges that the facts before the Court in this case are slightly different than the facts of *Lamb* and *Devore*, which both involved detailed demand letters regarding the extent and severity of plaintiffs' injuries and medical bills. Here, there is little specific information about the demand letters, but what Plaintiff admitted is determinative. Plaintiff specifically admitted that the demand in excess of $75,000 represented her counsel's reasonable assessment of the value of her claim. And, Plaintiff does not make any assertion to the contrary, nor does she submit evidence of any sort that the amount in controversy is less than $75,000. To borrow the language of the *Devore* court, combining Plaintiff's admissions regarding the amount in controversy and that the demand represented her counsel's reasonable assessment of her claim ("and adding a dose of common sense"), the Court is persuaded that Defendant has met its burden of showing by a preponderance of the evidence that amount in controversy has been met. *Devore,* 658 F.Supp.2d at 1381.

**IV. Conclusion**

Accordingly, upon due consideration, Plaintiff's motion to remand (Doc. 4) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on December 11, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties