# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DEANNA PUGLIESE,**

    **Plaintiff,**

**v.**                                                      Case No: 5:17-cv-392-Oc-PRL

**TEXAS ROADHOUSE, INC.**

    **Defendant.**

## ORDER

This consent case, which arises from a slip and fall accident at a Texas Roadhouse restaurant, is currently before the Court for consideration of two pending matters.

*Disclosures*

First, Defendant has moved to strike Plaintiff's expert disclosures dated June 29, 2018, and to exclude from trial any expert testimony, including from Plaintiff's treating physicians and healthcare providers. (Docs. 18 & 23). It is undisputed that Plaintiff missed the deadline of June 4, 2018 for her expert disclosures. Plaintiff explains that her counsel realized the omission on or about June 7, 2018, and attempted to confer with opposing counsel in a good faith attempt to reach an agreement about the disclosures. On June 27, Plaintiff's counsel advised counsel for Defendant that Plaintiff "anticipated calling her treating medical providers as experts, that Plaintiff's discovery responses already disclosed her treating medical providers and their respective medical practices," and that Plaintiff would serve a disclosure accordingly. (Doc. 26, p. 3). Counsel for Defendant objected to the proposed disclosure as untimely, and advised that Defendant would file a motion. (Doc. 26, p. 3).

Indeed, on June 27, 2018, Defendant anticipatorily filed its motion to strike and exclude from trial any expert testimony, including testimony from Plaintiff's treating physician and healthcare providers. (Doc. 18). On June 28, 2018, Plaintiff served her expert disclosures, along with her initial Rule 26(a)(1) disclosures. Plaintiff recites that, as a precaution, she identified all her treating physicians and treatment providers. Plaintiff also contends that she had provided Defendant with all the medical records in March 2018, and that her disclosures comply with Rule 26(a)(2)(C) by providing a summary of each treating provider's testimony. On July 12, 2018, Defendant filed a renewed motion to strike Plaintiff's expert disclosures. (Doc. 23).

It is readily apparent that Plaintiff's expert disclosures dated June 29, 2018 are untimely and fail to comply with the requirements of Fed. R. Civ. P. 26(a)(2). In order to provide expert testimony a *treating* physician or provider – as distinguished from a witness who is retained or employed to provide expert testimony, see Fed. R. Civ. P. 26(a)(2)(B) – must be disclosed consistent with each requirement of Fed. R. Civ. P. 26(a)(2)(C). *See* Fed. R. Civ. P. 26(a)(2)(C) (Advisory Committee Notes to 2010 Amendment); *Whitehead v. City of Bradenton*, No. 8:13-CV-2845-T-30MAP, 2015 WL 1810727, at *4 (M.D. Fla. Apr. 20, 2015). Here, Plaintiff argues that her disclosures comply with Rule 26(a)(2)(A)-(C) "because they identify each medical provider that Plaintiff may call as expert witnesses at trial and identify the areas upon which each expert will opine." (Doc. 22, p. 7). The Court disagrees.

While Plaintiff does not appear to make a disclosure under Rule 26(a)(2)(B) for a retained expert (as no written reports of such an expert are provided), her disclosure of treating providers is inadequate under Rule 26(a)(2)(C). (Doc. 23, p. 24-27). Specifically, the disclosure lacks "a summary of the facts and opinions to which the witness is expected to testify," as required by Rule 26(a)(2)(C)(ii). Here, Plaintiff's disclosure provides little more than the name and address for each

provider, together with general statements such as that the witness is a "board certified orthopedic surgeon," and "testimony will relate to his treatment of Plaintiff's injuries after the subject accident, his diagnosis and prognosis, and the resulting medical bills and charges." (Doc. 23, p. 25).

Importantly, disclosure of the treatment providers' medical records does not mean that the "summary of the facts and opinions" prong of Rule 26(a)(2)(C) has been fulfilled. *See Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-CV-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013) (observing that allowing medical records to be submitted in lieu of the requirements of Rule 26(a)(2)(C) would be contrary to the rule's purpose). The Court finds that, while Plaintiff's untimely disclosure partially complied with Rule 26(a)(2)(C), it was far too abbreviated to provide Defendant with notice and information about the critical parts of the proposed testimony, namely a summary of the facts and opinions that each witness is expected to testify about. *See Kondragunta*, 2013 WL 1189493 at * 6 (finding disclosure inadequate under Rule 26(a)(2)(C) and stating, "[t]he reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion.").

Under Fed. R. Civ. P. 37(c)(1), Plaintiff's untimely and inadequate disclosure may render her "unable to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Plaintiff concedes her untimely disclosure was not substantially justified, but argues that it was harmless because Plaintiff had already disclosed her treating providers in response to Defendant's discovery requests. (Doc. 22, p. 8). Obviously, general discovery production is not the equivalent of expert disclosures of Rule 26(a)(2) which is detailed and specific for a reason. In this Circuit, courts have used a five-factor test to determine whether an insufficient Rule 26(a)(2)(C) disclosure was harmless: (1) the surprise

to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. *See Jones v. Disc. Auto Parts, LLC*, No. 616CV138ORL37KRS, 2017 WL 9362900, at *4–5 (M.D. Fla. Mar. 13, 2017), report and recommendation adopted in part, No. 616CV138ORL37KRS, 2017 WL 1396477 (M.D. Fla. Apr. 19, 2017).

Applying those factors to Plaintiff's June 29, 2018 disclosure containing exclusively experts who are non-retained treatment providers, the Court agrees that the evidence is of utmost importance to the merits of the case, and that the surprise factor is somewhat ameliorated by Plaintiff's previous discovery responses. Of course, Plaintiff has still not disclosed the most critical details, namely "a summary of the facts and opinions to which the witness is expected to testify," as required by Rule 26(a)(2)(C)(ii). And, Plaintiff admits that she included all treatment providers in her expert disclosures, although she does not intend to offer expert testimony on behalf of all of them. This situation puts Defendant at a considerable disadvantage. Defendant should not have to speculate as to which of the 11 providers will actually provide expert testimony, what their opinions might be and what facts they might be based on, or whether Defendant may need its own expert on certain issues. This harm to Defendant is not insubstantial; however, it can be largely cured by requiring Plaintiff to redraft her existing disclosure and amending the Court's case management deadlines as set forth below.[1]

Accordingly, Defendant's motions are due to be granted to the extent that Plaintiff shall be excluded from offering expert testimony from any witness who was not a treatment provider and

---

[1] The Court acknowledges Defendant's objections to modifying the case management deadlines and has made every attempt to minimize further delay and disruption.

was not also listed in her June 29, 2018 disclosures. Notably, Plaintiff has made no effort to identify any such witness and the disruption and prejudice caused by allowing such experts at this late stage would be significant. Indeed, Plaintiff recites that she intends to call only treatment providers. With respect to treatment providers, Plaintiff shall properly disclose, from the list of those already revealed, those providers she intends to call in a disclosure that fully complies with Fed. R. Civ. P. 26(a)(2)(C).

*Amendment*

Next, also before the Court is Plaintiff's motion for voluntary dismissal without prejudice or in the alternative, leave to file an amended complaint. (Doc. 25). Plaintiff acknowledges that she has sued the wrong party by naming Texas Roadhouse, Inc., rather than the correct party which is Texas Roadhouse Holdings, LLC. As to an amendment, Plaintiff contends that Defendant would not suffer prejudice because both parties are related entities and likely use the same counsel for personal injury litigation matters. Defendant does not dispute that assertion.

Defendant objects to a dismissal without prejudice at this late stage of the proceedings, but consents to allowing an amendment conditioned upon a ruling that case management deadlines will not be modified. (Doc. 28, p. 17). This position suggests that no significant prejudice would result by allowing an amendment to name the correct party. Notably, Defendant does not contend that the amendment would require any discovery not already obtained, or that the case would have been handled differently in any meaningful way if the correct party had been named at the outset. Under Fed. R. Civ. P. 15(a)(2), the Court should allow leave to amend "when justice so requires." Here, the Court finds that justice so requires.

Accordingly, upon due consideration, it is Ordered that:

1. Plaintiff's motion for leave to file an amended complaint (Doc. 25) is **GRANTED** to the limited extent that Plaintiff may file an amended complaint naming the correct party, Texas Roadhouse Holdings, LLC. Within **seven days** of the entry of this Order, Plaintiff shall file her amended complaint with the Court's CM/ECF system. The remainder of the motion is denied.

2. Defendant's motions to strike Plaintiff's June 29, 2018 disclosures and exclude expert testimony (Docs. 18 & 23) are **GRANTED** in part and **DENIED** in part, to the extent explained in this Order. Plaintiff shall be excluded from offering testimony from any retained or specially employed expert witnesses under Rule 26(a)(2)(B), or expert testimony from any witness who was not a treatment provider and was not listed in her June 29, 2018 disclosures. On or before **August 17, 2018**, Plaintiff shall redraft and serve upon Defendant her existing disclosure. In doing so, Plaintiff shall be limited to witnesses already listed in her June 29, 2018 disclosure, and shall bring her disclosure into full compliance with Fed. R. Civ. P. 26(a)(2)(C), including expanding on and providing specific information and summaries of the facts and opinions to which each treatment provider is expected to testify. If Defendant wishes to file a motion on the grounds that Plaintiff's redrafted expert disclosures are insufficient, it must do so on or before **August 27, 2018**.

3. Defendant shall then have until **September 17, 2018** to serve its expert disclosures, if any. Defendant's expert disclosure deadline <u>shall</u> <u>not</u> be alleviated in any way due to the pendency of a renewed motion to strike Plaintiff's expert disclosures, or attacking the sufficiency of Plaintiff's disclosures.

4. The discovery deadline shall be extended until **October 17, 2018**, and the dispositive motion deadline shall be extended until **November 1, 2018**. The deadline for conducting mediation shall be extended until **October 17, 2018**. In all other respects, the deadlines set forth in the Case Management and Scheduling Order (Doc. 16) shall remain in effect.

5. In light of this Order and the deadlines set forth herein, Plaintiff's motion to extend time to serve expert disclosures and complete expert discovery (Doc. 27) is denied as moot.

**DONE** and **ORDERED** in Ocala, Florida on August 8, 2018.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties