# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**DEANNA PUGLIESE,**

    **Plaintiff,**

**v.**                                                         **Case No: 5:17-cv-392-Oc-PRL**

**TEXAS ROADHOUSE HOLDINGS, LLC**

    **Defendant.**

## ORDER

This consent case involving a slip and fall accident at Defendant's Texas Roadhouse restaurant is before the Court for consideration of Plaintiff's motion for clarification and motion to strike Defendant's revised affirmative defenses and new affirmative defenses. (Doc. 35). As Plaintiff correctly observes, the Court's prior Order (Doc. 29) granted Plaintiff leave "to the limited extent" that Plaintiff could file an amended complaint naming the correct party, Texas Roadhouse Holdings, LLC. Plaintiff did so, filing an amended complaint with the only amendment being naming the correct party. However, as Plaintiff now protests, when Defendant filed an amended answer, Defendant availed itself of the opportunity to substantively amend its affirmative defenses, including adding at least 3 new affirmative defenses, despite not having been granted leave to do so. (Doc. 32). Plaintiff thus seeks to strike the new affirmative and revised affirmative defenses, noting that the deadline to amend pleadings expired on January 15, 2018.

Plaintiff correctly surmises that the Court's intention (and indeed the plain language) of the prior Order was to limit any amendments of the pleadings to correcting the name of the Defendant. No further amendments were contemplated or granted by the Court's prior Order (Doc.

29). Plaintiff's motion for clarification and to strike any revised or new affirmative defenses (Doc. 35) is due to be GRANTED. All revised or new affirmative defenses raised in Defendant's amended answer (Doc. 32) that were not raised in its previous answer (Doc. 3) are hereby STRICKEN.

Further, the Court acknowledges that in its response to Plaintiff's motion (Doc. 38), Defendant requests leave to amend its answer and add certain objected-to defenses under Fed. R. Civ. P. 15. Defendant, however, has not presented this request for relief in the form of a motion, but buries the request in its response to Plaintiff's motion. This is not the first time Defendant has failed to follow the proper requirements for requesting relief.

Previously, the Court was obliged to admonish Defendant that, pursuant to Local Rule 3.01, requests for relief in any form must comply with the requirements of the rule, and "the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." Local Rule 3.01(a), (f). (Doc. 24). The parties were previously advised that if they seek relief, "in any form they must file an appropriate motion that complies with the requirements of Local Rule 3.01." (Doc. 24). Yet, despite this prior admonition, Defendant has now included what is essentially a motion for leave to amend its affirmative defenses in its response to Plaintiff's motion. At a minimum, Defendant's request is procedurally deficient and is several months overdue, and is due to be Denied.

Any future request of the type contemplated by Defendant must be made in the form of a motion that complies in all respects with Local Rule 3.01. The parties are reminded, however, that more than eight months have passed since the deadline for amending pleadings, and there is

currently a summary judgment motion pending, making any amendments to pleadings extremely disruptive at this stage of the proceedings.

**DONE** and **ORDERED** in Ocala, Florida on October 1, 2018.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties